IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30437
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY S. FISCHL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CR-353-1-S
--------------------
January 24, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Terry S. Fischl argues that the district court lacked subject matter jurisdiction because the Government failed to show that his murder-for-hire offense had a sufficient effect on interstate commerce. Fischl also argues, that assuming that the court finds a basis for federal jurisdiction, his conviction should be vacated and the case dismissed because the jurisdictional element was manufactured by the Government.

Title 18 U.S.C. § 1958's "use of a `facility in interstate commerce' is synonymous with the use of an `interstate commerce

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

facility' and satisfies the jurisdictional element of that federal murder-for-hire statute, irrespective of whether the particular transaction in question is itself interstate or wholly intrastate." United States v. Marek, ___ F.3d ___ Nos. 98-40568 c/w United States v. Cisneros, ___ F.3d ___, No. 98-40955 at 15. (5th Cir. Jan. 4, 2001). A telephone, even if used for intrastate calls, constitutes an instrumentality of interstate commerce that creates the necessary criminal federal jurisdictional nexus required by 18 U.S.C. § 1958. Id. at 15 & n.35. The telephone calls made by Fischl to the purported "hit man" supplied the requisite interstate nexus even if the calls are construed as intrastate calls. The district court clearly possessed federal subject matter jurisdiction.

With respect to Fischl's claim that the Government manufactured the federal jurisdictional element, the record does not reflect that the Government agents provided a New York telephone number to Fischl *solely* for the purpose of creating an interstate nexus. See United States v. Garrett, 716 F.2d 257, 267 (5th Cir. 1983). The Government provided Fischl with the New York telephone number only after Fischl had inquired about a hit man, and Deemer had told Fischl that she knew such a man in New York. Further, Fischl independently took the affirmative step of calling the New York number in order to get in touch with the hit man, which initiated the federal nexus. Fischl has not demonstrated that the Government manufactured federal

jurisdiction.  <u>See</u> <u>United States v. Clark</u>, 63 F.3d 110, 113-14
(5th Cir. 1995).

AFFIRMED.